UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NINA ANDREWS ) | |
| ) | Case Number |
| Plaintiff ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| REGIONAL ADJUSTMENT ) | |
| BUREAU INC. ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Nina Andrews, by and through her undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.  Plaintiff, Nina Andrews, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in this District. Additionally, Plaintiff resides in this District.

### III. PARTIES

4. Plaintiff, Nina Andrews, is an adult natural person residing at 20 Pine Mountain Road, Stroudsburg, PA 18360.

5. Defendant, Regional Adjustment Bureau, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 7000 Goodlett Farms Parkway, Memphis, TN 38016..

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On or around January 20, 2009, Plaintiff began to receive telephone calls from Defendant in an attempt to collect an alleged debt owed to Capital One Bank, N.A.

8. Subsequently, Plaintiff received a collection notice from Defendant dated January 25, 2009. This communication notified Plaintiff of her right to request validation within 30 days. See a copy of the collection notice appended hereto and marked "**EXHIBIT A**".

9. Plaintiff exercised her right to dispute the alleged debt and request validation by sending Defendant a letter dated February 11, 2009. See a copy of Plaintiff's request for validation appended hereto and marked "**EXHIBIT B**".

10. Plaintiff's February 11, 2009 letter also included a demand that Defendant cease and desist all further communications.

11. Despite Plaintiff's written request to cease and desist communication, Defendant without verifying the debt sent it to another agency for collection.

12. Subsequently, Plaintiff received a collection notice from Weltman, Weinberg & Reis "**EXHIBIT C**".

13. Defendant disregarded Plaintiff's February 11, 2009 dispute and request for validation.

14. Notwithstanding the above, Defendant was required to cease all further collection activity of the alleged debt until such time that the debt could be validated. Defendant's continued collection activity violates the FDCPA.

15. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

## COUNT I – FDCPA

16. The above paragraphs are hereby incorporated herein by reference.

17. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

18.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692c(a)(1), d, d(5), d(6), e, e(2), e(8), e(10), e(11), f, g and g(b).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Regional Adjustment Bureau, Inc., Inc., for the following:

- a.  Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;
- b.  Actual damages;
- c.  Statutory damages pursuant to 15 U.S.C. § 1692k;
- d.  Reasonable attorney's fees and litigation expenses, plus costs of suit; and
- e.  Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II
### VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

19.     Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

20.     The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

21. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

22. The FCEUA proscribes, <u>inter alia</u>, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

23. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

24. Violations of the FDCPA is a <u>per se</u> violation of the FCEUA and the UTPCPL.

25. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

26. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in her favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III

## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

27. The foregoing paragraphs are incorporated herein by reference.

28. Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

29. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

30. The action of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

   a. Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

   b. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

   c. Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

31. As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

32. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in her favor and against Defendant, and Order the following relief:

a. An Order declaring that Defendant violated the UTPCPL;

b. Actual damages;

c. Treble damages;

d. An award of reasonable attorney's fees and expenses and cost of suit; and

e. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date: May 5, 2009    BY:    */s/ Brent F. Vullings*
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff